## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAMS FIELD SERVICES GROUP LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-CV-0530-CVE-SAJ |
| GENERAL ELECTRIC INTERNATIONAL INC., GE ENERGY SERVICES, and QUALIFIED CONTRACTORS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## <u>OPINION AND ORDER</u>

Now before the Court is Plaintiff's Motion to Amend First Amended Complaint (Dkt. # 87). Plaintiff Williams Field Services Group, LLC, filed the instant civil action on September 29, 2006. In its proposed second amended complaint, plaintiff seeks to add a claim for fraud/fraudulent concealment.  Dkt. # 87, at 2; Dkt. # 98-2, at 12-20.

Defendants General Electric International Inc., GE Energy Services, and Qualified Contractors, Inc. oppose plaintiff's proffered amendment. Defendants argue that plaintiff's proposed amendment is untimely. Dkt. # 88, at 2-4. Defendants further argue that plaintiff has not pled fraud with particularity as required by Fed. R. Civ. P. 9(b), and that plaintiff's proposed fraudulent concealment claim is futile. <u>Id.</u> at 4, 6.

Fed. R. Civ. P. 15(a) provides that "leave shall be freely given when justice so requires." <u>Minter v. Prime Equip. Co.</u>, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted); <u>Duncan v. Manager, Dep't of Safety</u>, 397 F.3d 1300, 1315 (10th Cir. 2005); <u>Bradley v. Val-Mejias</u>, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason

— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  The purpose of Rule 15(a) is to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" <u>Minter</u>, 451 F.3d at 1204 (quoting <u>Hardin v. Manitowoc-Forsythe Corp.</u>, 691 F.2d 449, 456 (10th Cir. 1982)).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." <u>Foman</u>, 371 U.S. at 182.

The Court finds that plaintiff's motion to amend is not unduly delayed.  Although the deadline for amendment to pleadings was February 28, 2008, plaintiff avers that it has only recently received documents giving notice of its claim, Dkt. # 94, at 3-4, and that defendants "own refusal to respond to discovery" requests is the cause of such delay, <u>id.</u> at 2.  The Court finds that plaintiff's explanation for the delay is adequate; plaintiff claims it filed its motion within one month of receiving incriminating documentation from defendants.  <u>See</u> <u>Minter</u>, 451 F.3d at 1206 (suggesting that a denial of leave to amend is inappropriate when the party seeking amendment has an adequate explanation for the delay).

The Court also finds that plaintiff's proposed amendment pleads fraud/fraudulent concealment with sufficient particularity.  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  The complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." <u>Koch v. Koch Indus., Inc.</u>, 203 F.3d

2

1202, 1236 (10th Cir. 2000) (internal quotation marks and citation omitted).  "Memorably put, '[t]his means the who, what, when, where, and how: the first paragraph of any newspaper story.'" Caprin v. Simon Transp. Servs., Inc., 99 Fed. Appx. 150, 158 (10th Cir. 2004) (unpublished decision) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)) (alterations in original).[1]  The purpose of Rule 9(b)'s particularity requirement is to "afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ."  Koch, 203 F.3d at 1236 (internal quotation marks and citation omitted) (alterations in original).  "Rule 9(b)'s particularity requirement, however, is not absolute or limitless; a plaintiff need not go so far as to give the defendant a 'pretrial memorandum containing all the evidentiary support for plaintiff's case.'"  Schrag v. Dinges, 788 F. Supp. 1543, 1550 (D. Kan. 1992) (citation omitted).

Here, the proposed amendment gives defendants "fair notice" of plaintiff's claim.  It states: (i) who, on behalf of defendants, made the alleged misrepresentations, (ii) who, on behalf of plaintiff, received specific alleged misrepresentations, (iii) when the alleged misrepresentations were made, and (iv) where the alleged misrepresentations were made and/or what type of communication medium contained the alleged misrepresentations.  See Dkt. # 98-2, at 12-19.  The proposed amendment also describes the facts allegedly concealed from plaintiff and the consequences of defendants' allegedly illicit conduct.  See id.  Thus, the Court concludes that plaintiffs' proposed amendment is pled with sufficient particularity to overcome defendants' Rule 9(b) challenge.

Further, while the Court has reviewed defendants' arguments on the merits of plaintiff's proposed amendment, the Court reserves ruling on this issue until a later time.  "A motion to amend

---

[1]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1: 10th Cir. R. 32.1.

is within the trial court's discretion, <u>Walker v. Elbert</u>, 75 F.3d 592, 599 (10th Cir. 1996), and should

not be transformed by defendants into a "mini-trial or summary judgment proceeding, without the

safeguards normally present for maturation and merits-based resolution of claims." <u>ClearOne</u>

<u>Commc'n, Inc v. Chiang</u>, No. 2:07cv00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007).

In light of the liberal rules of pleading, the Court concludes that plaintiff's motion should be granted.

Defendants may raise any arguments regarding the substance of plaintiff's fraud/fraudulent

concealment claim in responsive pleadings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend First Amended

Complaint (Dkt. # 87) is **granted**.  Plaintiff may file its second amended complaint no later than

**July 23, 2008**.

**DATED** this 21st day of July, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4